UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL CRAIG OKLER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MCC IMU PRISON, et al.,<br><br>　　　　　　Defendants. | Case No. 3:18-cv-05458-RJB-TLF<br><br>ORDER TO SHOW CAUSE OR AMEND COMPLAINT, AND DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL |

This matter comes before the Court on plaintiff's filing of two proposed amended complaints and a second motion for appointment of counsel. Dkt. 14, 15. The Court previously directed plaintiff to amend his complaint or show cause why it should not be dismissed. Dkt. 7. The Court also denied plaintiff's prior motions to appoint counsel. Dkt. 13. Having carefully considered the present motion and balance of the record, the Court finds plaintiff's current motion should be denied as well. In addition, plaintiff is directed again to amend his complaint to comply with the Court's instructions or show cause why the complaint should not be dismissed. Filing of another deficient complaint will result in a recommendation that the Court dismiss this case.

## MOTION FOR APPOINTMENT OF COUNSEL

There is no constitutional right to have counsel appointed in a 42 U.S.C. § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint

ORDER TO SHOW CAUSE OR AMEND COMPLAINT,
AND DENYING PLAINTIFF'S SECOND MOTION FOR
APPOINTMENT OF COUNSEL - 1

counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved, and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

Plaintiff requests appointment of counsel because he has a limited education, no legal knowledge, no computer knowledge, learning difficulties, and difficulty concentrating. Dkt. 14. However, many of these are issues common to many pro se plaintiffs, and plaintiff has shown an adequate ability to file court documents and present his claims pro se.

Plaintiff further asserts that he is likely to succeed in this case, but that the issues are complex. *Id.* However, it is premature to assess the likelihood of success or whether the issues in this case are necessarily complex. If plaintiff presents a complaint sufficient to pass the screening requirements for pro se complaints, discovery will provide additional clarity on whether any genuine dispute of material fact is ready for trial. At that time plaintiff may have another opportunity to bring to the Court's attention the issue of whether counsel should be appointed.

Accordingly, plaintiff's motion for appointment of counsel (Dkt. 14) is DENIED.

## AMENDED COMPLAINTS

In addition to moving for appointment of counsel, plaintiff has submitted two proposed amended complaints as part of the present motion. *See* Dkt. 14, pp. 12-14; Dkt. 15. Plaintiff

ORDER TO SHOW CAUSE OR AMEND COMPLAINT,
AND DENYING PLAINTIFF'S SECOND MOTION FOR
APPOINTMENT OF COUNSEL - 2

signed one of these complaints on November 20, 2018, and filed it with the Court on January 14, 2019, together with his motion for appointment of counsel. Dkt. 14, pp. 12-14. Plaintiff signed the other complaint on January 10, 2019, and filed it with the Court on January 18, 2019; he captioned this complaint a "Motion to Amend." Dkt. 15, p. 1.

Because plaintiff evidently intended to replace the complaint he signed November 20, 2018, with the complaint he signed January 10, 2019, the Court construes the latter as the proposed amended complaint. Dkt. 15. However, for the reasons below, the Court concludes that the complaint is still deficient and will decline to serve it.

A. <u>Screening Requirements</u>

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Rule 8(a) of the Federal Rules of Civil Procedure provides that, to state a claim for relief, a pleading must contain a short and plain statement of the grounds for the court's jurisdiction, a

short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts to show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff must allege facts showing how each of the individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *Starr v. Baca,* 652 F.3d 1202, 1205-1208 (9th Cir. 2011).

A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691-94 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989).

B.      Unidentified Defendants

Plaintiff's proposed amended complaint names as defendants eight individuals: John Doe and Jane Doe, medical intake nurses at MCC IMU Monroe; John Does #1-3 and Jane Doe, corrections officers; and Jane Doe #1 and Jane or John Doe #2, mental health practitioners. Dkt. 15, pp. 2-3. The proposed amended complaint thus does not identify any defendant by name.

While the Court has the duty to serve a summons and complaint that passes the statutory screening requirements, *see* 28 U.S.C. § 1915(d), a plaintiff proceeding *in forma pauperis* (IFP) still must provide accurate and sufficient information to effect service. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994), *overruled on other grounds*, *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *see also* Fed. R. Civ. P. 4. When an IFP plaintiff fails to provide the Court with accurate and sufficient information to effect service of the summons and complaint, it is appropriate for the Court to *sua sponte* dismiss the unserved defendant. *Walker*, 14 F.3d at 1421-22.

The use of "John Doe" to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Although a plaintiff will have an opportunity after filing a lawsuit to discover the identity of unknown defendants through discovery, the use of Doe defendants is problematic because those persons cannot be served with process in this matter until they are identified by their real names. Therefore, unless and until plaintiff can name an individual defendant or defendants or state a viable claim against the Department of Corrections, this lawsuit cannot be served on anyone. *See Walker*, 14 F.3d at 1421-22.

Accordingly, plaintiff is ordered to provide in an amended complaint the names and addresses of the Doe defendants within 30 days of the date of this order. If Plaintiff is unable to provide the Court with names and addresses of the Doe defendants in that timeframe, the Court will recommend dismissal of the Doe defendants from the case without prejudice.

C. <u>Inadequate Medical Treatment</u>

Among the constitutional claims plaintiff raises in the proposed amended complaint, he alleges that, after being injured in a fall, he received inadequate pain care at MCC IMU Monroe.

To establish "deliberate indifference," a prisoner must show that a defendant purposefully ignored or failed to respond to the prisoner's pain or possible medical need. *McGuckin v. Smith*,

974 F.2d 1050, 1059 (9th Cir. 1992). A prison official, accordingly, will not be found deliberately indifferent to a prisoner's serious medical needs, "unless the official knows of and disregards an excessive risk to inmate health or safety." *See Farmer v. Brennan*, 511 U.S. 825, 837 (1970).

Here, the plaintiff has alleged a serious medical need in the form of injuries to his head, neck, and back from a fall on March 20, 2018. However, he has not identified any individual who knew of and disregarded an excessive risk to his health and safety. Nor has he alleged any facts that would show that the care he received was inadequate. Dkt. 15, p. 3. Accordingly, if plaintiff chooses to amend his complaint, he must correct these deficiencies.

CONCLUSION

Plaintiff's motion for appointment of counsel is DENIED. Moreover, under 28 U.S.C. § 1915(e)(2) and § 1915A(a), (b), the Court will decline to serve plaintiff's complaint due to the deficiencies noted above. Plaintiff is ORDERED to amend the complaint or show cause why it should not be dismissed on or before **March 4, 2019**.

The Clerk shall send a copy of this Order to plaintiff.

Dated this 5th day of February, 2019.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND COMPLAINT,
AND DENYING PLAINTIFF'S SECOND MOTION FOR
APPOINTMENT OF COUNSEL - 6