UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL CRAIG OKLER,

          Plaintiff,

v.

MCC IMU PRISON, et al.,

          Defendants.

Case No. C18-5458 RJB-TLF

ORDER STAYING PROCEEDINGS

This matter comes before the Court on plaintiff's motion for extension of time. (Dkt. 35).

On February 7, 2020, plaintiff filed this motion requesting a "90-120 days extension of time." Dkt. 35. Plaintiff indicates that he was released from Stafford Creek Prison on an appeal bond to get a necessary surgical procedure. *Id.* Plaintiff further indicates that he was reincarcerated at Lewis County Jail for driving with a suspended license. *Id.* Plaintiff states that he is still incarcerated at Lewis County Jail without access to his legal paperwork or access to the law library. *Id.* Plaintiff seeks this extension during his incarceration to allow him time after his release to access his legal documents. *Id.*

Defendants oppose plaintiff's requested extension of time. Dkt. 37. First, defendants note that there is no pending deadline which plaintiff seeks to extend. *Id.*

ORDER STAYING PROCEEDINGS - 1

Defendants also contend that plaintiff has failed to show good cause for the requested delay or extension. *Id.*

The Court construes plaintiff's motion as a request to stay proceedings until he is able to access his legal documents.

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). The court's broad discretion to stay a proceeding is "incident to its power to control is own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997).

When determining whether a stay is appropriate, the court must weigh the competing interests that will be affected by granting or denying the stay. *Ali v. Trump*, 241 F.Supp. 3d 1147, 1152 (W.D. Wash. 2017) (citing *Lockyer*, 398 F.3d at 1110). These interests include, "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

The Court finds the interest of justice and judicial efficiency warrant a stay in this case. Here, plaintiff indicates that he has been temporarily incarcerated without his legal materials and without access to the law library. Dkt. 35. Plaintiff has also stated that his current incarceration is for a period of 77 days, and that once he is released he will have access to his legal documents and be able to proceed in this matter. Dkt. 35.

Accordingly, considering plaintiff's current inability to access the materials necessary to proceed in this matter and plaintiff's relatively brief period of current incarceration, a stay of proceedings is warranted.

For the above stated reasons, the Court ORDERS:

(1) Plaintiff's motion (Dkt. 35) is GRANTED and the current proceedings are stayed for 90 days from the date of this Order;

(2) On June 3, 2020, the parties shall submit a Joint Status Report informing the Court of the status of this action;

(3) If plaintiff is released from his current incarceration and has access to his legal documents prior to June 3, 2020, plaintiff is directed to notify the Court; and

(4) The Clerk shall send a copy of this Order to the parties.

Dated this 5th day of March, 2020.

Theresa L. Fricke
United States Magistrate Judge