UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Michael Craig Okler,

                Plaintiff,

    v.

MCC IMU ,

                Defendants.

Case No. 3:18-cv-05458-RJB-TLF

REPORT AND RECOMMENDATION

Noted for March 19, 2021

        Before the Court are defendant's motion to compel discovery (Dkt. 43) and defendant's motion for summary judgment (Dkt. 53). This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). Plaintiff has failed to respond to these motions, and the Court has been unable to reach plaintiff at his listed address. He has not complied with the Court's order to update the address on file with the Clerks' Office.

        Defendants have also failed to comply with the Court's order requesting an update in their intentions for their motion to compel. For the reasons set forth below, the undersigned recommends that the Court dismiss this action without prejudice for

REPORT AND RECOMMENDATION - 1

plaintiff's failure to prosecute his claim and failure to comply with court procedural orders, and all pending orders shall be denied.

Plaintiff proceeds *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 lawsuit. On June 2, 2020, the parties submitted a joint status report and discovery plan (Dkt. 40). The Court issued a pretrial scheduling order in this case on June 9, 2020. Dkt. 41. Plaintiff's copy of the Order was subsequently returned to the Court as undeliverable at plaintiff's last known address at Lewis County Jail.

On October 13, 2020, defendants filed a motion to compel discovery. Dkt. 43. Plaintiff did not respond to the motion. On November 3, 2020, the Court ordered plaintiff to file a memorandum providing updated contact information and show cause why the case should not be dismissed for failure to comply with the rule requiring he keep the Court and opposing counsel apprised of his current address.  The deadline for plaintiff to update his contact information was set for November 17, 2020. Shortly before the deadline, on November 13, 2020, defendants filed a motion for summary judgment (Dkt. 47), serving it to plaintiff at a residential address in Monroe, WA (Rand Notice to Motion for Summary Judgment, Dkt. 49). Plaintiff did not file a memorandum updating his contact information by the deadline.

On November 23, plaintiff called the Clerk's Office to inform the Court that he was being treated in the hospital and sought to file a Motion for Extension of Time. Over the phone, he provided his current address at a hospital in Everett and a phone number. The Clerk advised plaintiff to file a written Change of Address and Motion for Extension of Time as soon as he was able.

REPORT AND RECOMMENDATION - 2

1  On December 8, 2020, the parties filed a stipulated motion to extend the
2  dispositive motion deadline. Dkt. 50. In lieu of plaintiff responding to the pending motion
3  for summary judgment, the parties agreed that defendant would withdraw that motion
4  and refile an amended motion for summary judgement by the new deadline set by the
5  Court. *Id.* On December 9, 2020, the Court extended the dispositive motion deadline
6  (Dkt. 51), and defendants withdrew their first motion for summary judgment. Defendants
7  refiled their motion for summary judgment on December 10, 2020. Dkt. 53. This Motion
8  was likewise served on Plaintiff at the residential address in Monroe, WA. Rand Notice
9  to Motion for Summary Judgment, Dkt. 55.
10  On December 15, 2020, the Court issued an order requesting an update on
11  whether defendants intended to pursue their pending motion to compel by December
12  21, 2020. Dkt. 56. This Order and the Court's Order granting the parties' stipulated
13  motion, having been sent to the only address the Court had on file for plaintiff, was
14  returned to the Court as undeliverable mail. Dkt. 57. Defendants did not respond to the
15  order requesting update on their motion to compel.

16  Pursuant to Local Rule 41:

> A party proceeding pro se shall keep the court and opposing parties advised as to his or her current mailing address. . . . If mail directed to a pro se plaintiff by the clerk is returned by the Postal Service . . . and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his or her current mailing . . . address, the court may dismiss the action without prejudice for failure to prosecute.

Local Rules, W.D. Wash., LCR 41(b)(2). "Local Rule 41(b)(2) . . . confers discretion on the court to dismiss a pro se plaintiff's action if the plaintiff fails to keep the court apprised of his correct address." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988). Plaintiff "bears the burden of keeping the court apprised of any changes in his mailing

REPORT AND RECOMMENDATION - 3

address." *Id.* at 1441. Further, "a defendant may move for dismissal of an action or of any claim against" the plaintiff "[f]or failure to prosecute or to comply with" the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b).

Here, mail was first returned to the Court as undeliverable to the address provided by Plaintiff more than 60 days ago. To date, Plaintiff has not provided an updated address to the Court or responded to the pending motion for summary judgment or pending motion to compel. Accordingly, the undersigned recommends that, pursuant to LCR 41(b)(2), the Court dismiss this action without prejudice for failure to prosecute.

## IN FORMA PAUPERIS STATUS ON APPEAL

The Court must also decide whether plaintiff's *in forma pauperis* status should continue on appeal. *See* 28 U.S.C. §1915(a)(3) ("an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith"). The Court must determine whether appeal is frivolous or malicious, or whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B)(i)&(ii).

Here, Plaintiff has failed to comply with his obligations under the Local Rules. Any appeal would be frivolous or taken in bad faith. Accordingly, the Court recommends that *in forma pauperis* status should not continue in the event of an appeal.

## CONCLUSION

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).

1 Accommodating the above time limit, the Clerk shall set this matter for consideration on

2 **March 19, 2021**, as noted in the caption.

4     Dated this 3rd day of March, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5